IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OGHALE OGBOR<br>431 Darby Terrace<br>Philadelphia, PA 19023 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.: 21-2428<br>: |
| v. | :<br>: |
| FARMER'S CHOICE GROCERY, INC.<br>1450 Chester Pike<br>Sharon Hill, PA 19079<br>and<br>FARMER INTERNATIONAL GROCERY, LLC<br>214 McDade Blvd.<br>Yeadon, PA 19050<br>and<br>FARMER INTERNATIONAL SUPERMARKET, INC.<br>214 McDade Blvd.<br>Yeadon, PA 19050<br>and<br>BENSON MULUH<br>1450 Chester Pike<br>Sharon Hill, PA 17079<br>and<br>DONALD AWA<br>1450 Chester Pike<br>Sharon Hill, PA 19079 | :<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

Oghale Ogbor (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Farmer's Choice Grocery, Inc., Farmer International Grocery, LLC, Farmer International Supermarket, Inc., Benson Muluh, and Donald Awa (*hereinafter* collectively "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*); of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201 *et. seq*.); the Pennsylvania Minimum Wage Act ("PMWA" - 35 P.S. §§ 333.101 *et. seq*.), the Pennsylvania Wage Collection Law ("PWCL"), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Farmer's Choice Grocery, Inc. (*hereinafter* individually referred to as "Defendant FCG") is a retail grocery store located at the above-captioned address.

9. Farmer International Grocery, LLC (*hereinafter* individually referred to as "Defendant FIG") is a retail grocery store located at the above-captioned address.

10. Farmer International Supermarket, Inc. (*hereinafter* individually referred to as "Defendant FIS") is a retail grocery store located at the above-captioned address.[2]

11. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations,

---

[2] Defendants Farmer's Choice Grocery, Inc., Farmer International Grocery, LLC, and Farmer International Supermarket, Inc. are *hereinafter* collectively referred to as "Defendant Entities."

ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

12. Upon information and belief, Benson Muluh (*hereinafter* referred to as "Defendant Muluh") owns and operates Defendant Entities and is a high-level manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entities, including but not limited to compensation/payment of wages for work performed.

13. Upon information and belief, Donald Awa (*hereinafter* referred to as "Defendant Awa") owns and operates Defendant Entities and is a high-level manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entities, including but not limited to compensation/payment of wages for work performed.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff is an adult female.

17. Plaintiff was originally hired to work out of Defendants' retail grocery store located at 214 McDade Blvd., Yeadon, Pennsylvania from in or about November of 2018 until in or about April of 2019, when she was transferred to Defendants' retail grocery store located at 1450 Chester Pike, Sharon Hill, Pennsylvania.

18. Plaintiff's job duties while employed with Defendants included unpacking goods, stocking shelves, and other similar labor-related tasks.

19. At Defendant Entities' Sharon Hill, Pennsylvania location, Plaintiff was primarily

supervised by Defendant Awa and generally overseen by Defendant Muluh.

20. During the course of her employment with Defendants, Plaintiff was a hardworking employee who performed her job well.

### -Sexual Harassment/*Quid Pro Quo* Sexual Harassment-

21. In or about November of 2019, Defendant Awa began to subject Plaintiff to sexually harassing, offensive, and unwelcomed comments and touching. For example, but not intended to be an exhaustive list, Defendant Awa:

   a. Unabashedly touched Plaintiff's breasts and buttocks;

   b. Repeatedly pressured Plaintiff to give him her home address, so that he "could come for [Plaintiff] tonight" and "take what [he] want[ed] by force";

   c. Stated on more than one occasion that he would leave Plaintiff alone if she just allowed him to "make love to [Plaintiff] once"; and

   d. After Plaintiff thanked him via text on one occasion for paying her the balance of her weekly pay, he texted back "Remember the one thing that you owe me with. I'm calling that a debt now because I'm tired of begging you."

22. Many of the aforesaid instances of sexually harassing comments and touching by Defendant Awa were witnessed by other employees. However, no one did anything to help Plaintiff or stop the harassing behavior, despite that fact that Plaintiff refused/rebuffed Defendant Awa's advances, clearly showed her discomfort through her body language and effort to avoid him, and complained to Defendant Muluh of Defendant Awa's sexually harassing behavior.

23. Instead, Defendant Awa repeatedly threatened to replace Plaintiff with someone else who could do her job and was "easier to work with" and/or terminate her for refusing his advances.

24. Plaintiff continued to reject Defendant Awa's sexual advances for several months,

telling him that they were both married, and that she was not interested, until Defendant Awa abruptly terminated Plaintiff on or about July 31, 2020, for purportedly having a "bad attitude."

25. Plaintiff believes and therefore avers that she was subjected to *quid pro quo* sexual harassment/hostile work environment, sexually assaulted by Defendant Awa, and ultimately terminated for rejecting his sexual advances and complaining of same, in violation of Title VII.

## -Wage Violations-

26. In addition to being sexually harassed and retaliated against for complaining of *quid pro quo* sexual harassment/hostile work environment, Plaintiff was also not paid in accordance with state and federal wage and hour laws.

### a. Minimum Wage Violations

27. Defendants pay their retail employees, including Plaintiff, sub-minimum hourly wages, in contravention of the FLSA and PMWA.

28. Specifically, for the first six to eight months of employment with Defendants, Plaintiff was required to work 48 hours per week (over a six-day period), but was paid only a flat rate of $250 in cash each week (which falls well below the minimum wage).

29. Defendants were required to pay Plaintiff for all hours worked at a rate of not less than $7.25 per hour, pursuant to the FLSA and PMWA. *See* 29 U.S.C.S. § 206 (a)(1)(C); 43 P.S. § 333.104 (a.1).

30. As a result, Defendants failed to pay Plaintiff at least the minimum wage for all hours worked for the first 6-8 months of her employment with Defendants.

31. Defendants continued to require Plaintiff to work 48 hours per week, six days per week until her unlawful termination on or about July 31, 2020.

32. While Defendants eventually agreed to pay Plaintiff a $400 flat rate per week, beginning in or about June/July of 2020, she was often not paid what was promised. Instead, she

was often paid only $350 cash per week. She complained of not being paid what she had been promised on multiple occasions to Defendants Awa and Muluh, but they would simply ignore her, pay her the remaining $50 weeks down the road or not at all.

### b. Overtime Violations

33. While employed by Defendants, Plaintiff was also at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime compensation for all hours worked over 40 hours per week at a rate of time and one half.

34. Throughout her tenure with Defendant, Plaintiff consistently worked 48 hours during the week (Monday-Wednesday, Friday-Sunday); however, Plaintiff was only ever paid a flat rate as detailed above.

35. Therefore, Plaintiff was <u>never</u> paid at a rate of time and one half for all hours that she worked over 40 in one week.

36. At all times relevant herein, Defendants knew that Plaintiff was a non-exempt employee that should have been paid at a rate of time and one half for all hours worked for 40 in one week.

37. All of Defendants' actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws, as evidenced by:

   a. Defendants failing to pay Plaintiff at least the minimum wage for many of the hours worked;

   b. Defendant failing to pay Plaintiff overtime compensation for <u>all hours</u> that he worked in excess of 40 hours per week;

   c. Defendants implementing a system that results in non-payment of overtime compensation to Plaintiff and other similarly situated employees; and

d. Defendants' failure to maintain proper timekeeping, as mandated by state and federal laws.

38. Upon information and belief, Defendants have and continue to implement a system that results in non-payment of overtime compensation to Plaintiff and other similarly situated employees.

### c. Retaliation

39. While employed with Defendants, Plaintiff repeatedly complained to Defendants' management about overtime violations and her entitlement to overtime compensation; however, Defendants refused to rectify their illegal pay practices and instead continued to perpetuate their non-payment of state and federally-mandated compensation.

40. Following Plaintiff's most recent complaints of Defendants illegal pay practices, she was abruptly terminated.

41. Defendants' retaliatory termination of Plaintiff constitutes unlawful retaliation under the Fair Labor Standards Act ("FLSA").

42. Defendants Awa and Muluh are personally liable for all of the aforesaid violations because they personally oversaw payroll, committed wage and hour violations, and perpetuated the aforesaid unlawful practices.

**COUNT I**
**Violations of Title VII**
**(Sexual Harassment/Hostile Work Environment & Retaliation)**
**-Against Defendant Entities-**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. During her tenure with Defendant Entities, Plaintiff was subjected to *quid pro quo* sexual harassment, retaliation, and sexually assaulted by Defendant Entities' owner/manager, Defendant Awa, such that she was subjected to a hostile work environment.

45.     Defendant Awa's harassment of Plaintiff interfered with Plaintiff's work and as a result she was forced to complain of said sexual harassment to Defendant Muluh and Defendant Awa in advance of her termination.

46.     In response to Plaintiff's complaints of sexual harassment, Defendant Awa continued to subject Plaintiff to unwelcomed sexual comments/gestures/touching and threatened to terminate her for refusing his advances.

47.     On or about July 31, 2020, in close proximity to her most recent complaints of sexual harassment, Defendant Awa abruptly terminated Plaintiff.

48.     Plaintiff believes and therefore avers that she was terminated from Defendant Entities for having complained of *quid pro quo* sexual harassment.

49.     These actions as aforesaid constitute unlawful violations under Title VII.

## COUNT II
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Minimum & Overtime Wages)**
**-Against All Defendants-**

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     At all times relevant herein, Defendants, have and continues to be, "employers" within the meaning of the FLSA.

52.     The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

53.     At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

54. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

55. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

56. Defendants also failed to pay Plaintiff at least the minimum wage rate for many of the hours she worked during her employment with Defendants.

57. Plaintiff expressly complained to Defendants' management about non-payment of minimum wage and overtime compensation (primarily toward the end of her tenure with Defendant).

58. Defendant retaliated against Plaintiff by abruptly terminating her.

59. As a result of Defendants' failure to pay Plaintiff at least the minimum wage rate and overtime compensation due her, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

60. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal <u>or</u> written concerns of unpaid overtime compensation).

### COUNT III
### <u>Violations of the Fair Labor Standards Act ("FLSA")</u>
### (Retaliation)
### -Against All Defendants-

61. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62. During her employment with Defendants, Plaintiff expressly complained to Defendants' management regarding their failure to pay her minimum wage and proper overtime wages.

63. Defendants retaliated against Plaintiff by terminating her in substantial part because of her complaints to Defendants regarding their failure to pay her proper overtime wages and minimum wage.

64. As a result of Defendants' failure to pay Plaintiff the overtime and minimum wage compensation due her, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation and minimum wages.

65. Any retaliation against Plaintiff for exercising her statutory rights to complain of unpaid overtime was per se unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

66. Plaintiff's termination due to her complaints of overtime and minimum wage violations constitutes unlawful retaliation and a violation of the FLSA.

## COUNT IV
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Minimum Wage Violations & Failure to Pay Overtime Compensation)**
**-Against All Defendants-**

67. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68. Plaintiff reasserts each and every allegation from Count II as such actions in this case constitute identical violations of the PMWA.

69. Additionally, PMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

## COUNT V
### Violations of the Pennsylvania Wage Payment & Collection Law(s) ("WPCL")
### (Failure to Pay Full Wage(s) Owed)
### - Against All Defendants -

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services she performed during her employment.

72. Defendants failed to compensate Plaintiff for all wages owed during her employment.

73. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked).

74. These actions as aforesaid constitute violations of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting sexual harassment and retaliation in the workplace.

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered legal violations at the hands of Defendants until the date of verdict.

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants

or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

         Respectfully submitted,

         **KARPF, KARPF & CERUTTI, P.C.**

     By: */s/ Timothy S. Seiler*
       Timothy S. Seiler, Esq.
       3331 Street Road
       Two Greenwood Square
       Suite 128
       Bensalem, PA 19020
       (215) 639-0801

Dated: August 12, 2021